**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  25-CR-124** |
| | : | |
| v. | : | **VIOLATION:** |
| | : | **18 U.S.C. § 2114(a)** |
| **IBRAHIM DE LA CRUZ,** | : | **(Robbery of Mail, Money, or Other** |
| | : | **Property of the United States)** |
| **Defendant.** | : | |
| | : | **FORFEITURE:** |
| | : | **18 U.S.C. §§ 924(d), 981(a)(1)(C) & 3665;** |
| | : | **21 U.S.C. § 853(p); and** |
| | : | **28 U.S.C. § 2461(c)** |

**S U P E R S E D I N G   I N F O R M A T I O N**

The United States Attorney charges that:

**COUNT ONE**

On or about August 10, 2024, in the District of Columbia, the defendant, **IBRAHIM DE LA CRUZ**, did assault a person having lawful charge, custody, and control of United States mail matter, money, and other property of the United States, with intent to rob, steal, and purloin said mail matter, money, and other property of the United States.

(**Robbery of Mail, Money, or Other Property of the United States**, in violation of 18 U.S.C. § 2114(a))

**FORFEITURE ALLEGATION**

1.      Upon conviction of Count One of this Superseding Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of Count One of this Superseding Information, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses.

3.      Upon conviction of Count One of this Superseding Information, the defendant shall forfeit to the United States any firearms and ammunition found in the possession or under the control of the defendant at the time of his arrest, pursuant to 18 U.S.C. § 3665 and 28 U.S.C. § 2461(c).

## PROPERTY SUBJECT TO FORFEITURE

The property subject to forfeiture includes, but is not limited to, the following:

1.      A black, Glock 29, 10 millimeter ammunition and one black magazine.

2.      Check for $500 from R.D.

3.      Debit Card in the name of R.D.

4.      Venmo Mastercard in the name of C.M.

5.      Credit privacy numbers that are currently in the custody and/or control of the United States Postal Service.

## SUBSTITUTE ASSETS

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.       has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to 18 U.S.C. §§ 924(d), 981(a)(1)(C) & 3665; 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c))

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:       */s/ James B. Nelson*
JAMES B. NELSON
D.C. Bar No. 1613700
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-6986
james.nelson@udoj.gov